UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James Paul Aery,<br><br>      Plaintiff,<br><br>v.<br><br>Ernie Beitel,<br>Colandra Allen,<br>Summit Corrections, and<br>Beltrami County,<br><br>      Defendants. | Case No. 22-cv-114 (KMM/TNL)<br><br>REPORT &<br>RECOMMENDATION |

James Paul Aery, Beltrami County Jail, 626 Minnesota Avenue Northwest, Bemidji, MN 56601 (pro se Plaintiff);

Dyan J. Ebert and Elle M. Lannon, Quinlivan & Hughes, PA, P.O. Box 1008, St. Cloud, MN 56302-1008 (for Defendants Ernie Beitel, Colandra Allen, and Beltrami County); and

Summit Corrections.

## I. INTRODUCTION

This matter is before the Court on pro se Plaintiff James Paul Aery's motions for "Emergency Injunction," ECF No. 16,[1] and "Emergency Injunction/Restraining Order Rule 65," ECF No. 21. These motions have been referred to the undersigned for a report and recommendation to the district court, the Honorable Katherine M. Menendez, District Judge for the United States District Court for the District of Minnesota, under 28 U.S.C.

---

[1] As other magistrate judges of this District have noted, Plaintiff filed the same motion in several of his pending cases. *See, e.g.*, *Aery v. Billings*, No. 21-cv-2422 (PJS/JFD), slip op. 1 n.1 (D. Minn. July 20, 2022) (listing cases); *Aery v. Lewis*, No. 22-cv-12 (KMM/BRT), slip op. 1 n.1 (D. Minn. July 20, 2022) (listing cases).

1

§ 636 and D. Minn. LR 72.1. Based upon the record, memoranda, and proceedings herein, it is recommended that Plaintiff's motions be denied.

## II. REQUESTS FOR INJUNCTIVE RELIEF

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Bierman v. Dayton*, 817 F.3d 1070, 1072 (8th Cir. 2016) (quoting *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). "Preliminary injunctions are intended to prevent irreparable harm and preserve the status quo during the pendency of litigation." *Munt v. Larson*, No. 15-cv-0582 (SRN/SER), 2015 WL 5673108, at *6 (D. Minn. Sept. 23, 2015) (citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir.1994)). "Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose*, 42 F.3d at 471. "A preliminary injunction is an extraordinary remedy, and the burden of establishing the propriety of an injunction is on the movant." *Sleep No. Corp. v. Young*, 33 F.4th 1012, 1016 (8th Cir. 2022) (quoting *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003) (citations omitted)).

### A. Litigation Costs

In his first motion, Plaintiff asks the Court to "arrange for sufficient resources" to cover the costs of this litigation, including phone calls and envelopes. ECF No. 16 at 1.

First and foremost, Plaintiff's motion lacks the requisite connection between the relief sought and the allegations in the Amended Complaint, ECF No. 5, which generally concern inadequate food at the Beltrami County Jail. *See Devose*, 42 F.3d at 471.

2

Second, while the Court has granted Plaintiff permission to proceed *in forma pauperis* ("IFP") in this litigation, "the granting of IFP status exempts litigants from filing fees only. It does not exempt litigants from the costs of copying and filing documents; service of documents other than the complaint; costs; expert witness fees; or sanctions." *Porter v. Dep't of Treasury*, 564 F.3d 176, 180 n.3 (3d Cir. 2009) (citations omitted); *see Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant."). "[N]othing in the IFP statute requires the Court to pay a party's discovery costs." *Janetta v. Minn. Dep't of Human Servs.*, No. 19-cv-2622 (ECT/TNL), 2020 WL 4593816, at *1 (D. Minn. Aug. 11, 2020) (citing *Mays v. Sherburne Cty. Jail*, No. 20-cv-506 (PAM/KMM), 2020 WL 4218806, at *4 (D. Minn. July 23, 2020)). IFP status "does not include the right to receive funds from the court to pay discovery or other costs relating to a pro se litigant's case." *Lightfeather v. Osborn*, No. 4:20CV3118, 2021 WL 107141, at *3 (D. Neb. Jan. 12, 2021), *appeal dismissed*, No. 21-1646, 2021 WL 4240975 (8th Cir. Apr. 1, 2021).

Accordingly, the Court recommends that Plaintiff's motion for litigation costs be denied.[2]

---

[2] While the Court is recommending that Plaintiff's motion be denied, the Court will direct the Clerk of Court to provide Plaintiff with a one-time copy of the Amended Complaint in this case. *See* ECF No. 14. Plaintiff is cautioned that, going forward, he is responsible for copy costs just like any other civil litigant.

### B. Return of $50

In his second motion, Plaintiff requests injunctive relief against Defendant Colandra Allen "for the purpose of returning [his] money taken on 7-12-22 and 7-13-22." ECF No. 21 at 1. Plaintiff states that he "owe[s] the jail money so half is taken from any deposits and then the next day the rest was taken for additional medical fees[,] which should apply to negative or 'lien' balance not positive or 'trust' balance." ECF No. 21 at 1. Plaintiff requests the return of his $50 and "any sanction" the Court deems reasonable. ECF No. 21. Defendants Ernie Beitel, Colandra Allen, and Beltrami County oppose the motion. *See generally* ECF No. 23.

To obtain a preliminary injunction, Plaintiff must show that he has "no adequate remedy at law because [his] injuries could not be fully compensated through an award of damages." *Mgmt. Registry, Inc. v. A.W. Cos., Inc.*, 920 F.3d 1181, 1183 (8th Cir. 2019) (quotation omitted). "A movant must show he is 'likely to suffer irreparable harm in the absence of preliminary relief.'" *Sessler v. City of Davenport*, 990 F.3d 1150, 1156 (8th Cir. 2021) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "The failure of a movant to show irreparable harm is an 'independently sufficient basis upon which to deny a preliminary injunction.'" *Id.* (quoting *Watkins Inc.*, 346 F.3d at 844); *see also, e.g.*, *Padda v. Becerra*, 37 F.4th 1376, 1384 (8th Cir. 2022); *Wildhawk Inv., LLC v. Brava I.P., LLC*, 27 F.4th 587, 597 (8th Cir. 2022); *Mgmt. Registry*, 920 F.3d at 1184. "Economic loss, on its own, it not irreparable injury so long as the losses can be recovered." *Wildhawk Inv.*, 27 F.4th at 597; *see Padda*, 37 F.4th at 1384.

Like his first motion, Plaintiff's second motion lacks the requisite connection

4

between the relief sought and the allegations in the Amended Complaint. *See Devose*, 42 F.3d at 471. The Amended Complaint alleges that Defendant Allen denied Plaintiff relief under Minn. Stat. § 641.12, subd. 3(b), which permits the waiver of inmate payment for room-and-board costs, including medical services, under certain circumstances. Am. Compl. ¶ C. This conduct, however, is alleged to have occurred between March and August 2021. Am. Compl. ¶ C. Although Plaintiff asserts that the recent $50 deduction "is related to this suit," the Court is left to speculate as to how this deduction is related to the allegations in the Amended Complaint.

But, even assuming for the sake of argument that Plaintiff's request is connected to his allegations regarding the collection of the costs of "room, board, clothing, medical, dental, and other correctional services" by Defendant Allen under Minn. Stat. § 641.12, subd. 3, Plaintiff has not shown that money damages are insufficient to compensate him for his alleged injuries. *See Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 667 (8th Cir. 2022); *see also Padda*, 37 F.4th at 1384; *Wildhawk Inv.*, 27 F.4th at 597.

Accordingly, the Court likewise recommends that Plaintiff's motion for the return of the $50 deducted from his account on July 12 and 13, 2022, be denied.

### III. RECOMMENDATION

Based upon the record, memoranda, and the proceedings herein, and for the reasons stated above, **IT IS HEREBY RECOMMENDED** that Plaintiff's "Emergency Injunction," ECF No. 16, and "Emergency Injunction/Restraining Order Rule 65," ECF No. 21, be **DENIED**.

Dated: August__5__, 2022               *s/ Tony N. Leung*
                                       Tony N. Leung
                                       United States Magistrate Judge
                                       District of Minnesota


                                       *Aery v. Beitel et al.*
                                       Case No. 22-cv-114 (KMM/TNL)


### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).