UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James Paul Aery, | Case No. 22-cv-00114 (KMM/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Ernie Beitel et al., | |
| Defendants. | |

The above matter comes before the Court upon Defendants'[1] Objection to the January 13, 2023 Report and Recommendation ("R&R"), issued by Magistrate Judge Tony N. Leung. [Objection, ECF No. 44; R&R, ECF No. 42.] Judge Leung recommends that the County Defendants' motion to dismiss be denied in part as to plaintiff's inadequate-nutrition claims against defendants Beitel and Allen in their individual capacities, and granted in part as to all other claims against the County Defendants. For the reasons set forth below, the Court overrules the County Defendants' Objections, accepts the R&R, and denies the County Defendants' motion in part as to plaintiff's inadequate nutrition claims against Beitel and Allen in their individual capacities.

**I.    Standard of Review**

After an R&R is issued, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The objections

---

[1] The objecting Defendants, also referred to as the "County Defendants," include Beltrami County, Ernie Beitel, and Calandra Allen.

1

should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *United States v. Miller*, Crim. No. 20-232(19) (JRT/BRT), 2022 WL 3644894, at *2 (D. Minn. Aug. 24, 2022) (quoting *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008)). The Court reviews *de novo* those portions of the R&R to which specific objections are made, and it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b)(3).

"To withstand a Rule 12(b)(6) motion, a complaint must contain sufficient factual allegations to 'state a claim to relief that is plausible on its face.'" *Smithrud v. City of Saint Paul*, 746 F.3d 391, 397 (8th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (syllabus)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A complaint is not required to contain "detailed factual allegations;" however, it must state facts with enough specificity "to raise a right to relief above the speculative level." *United States ex rel. Raynor v. Nat'l Rural Utils. Coop. Fin., Corp.*, 690 F.3d 951, 955 (8th Cir. 2012) (quoting *Twombly*, 550 U.S. at 555).

"In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, [courts] hold a pro se complaint, however inartfully pleaded, to less stringent standards than formal pleadings drafted by lawyers." *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (cleaned up). Although courts construe pro se complaints liberally, "they still must

2

allege sufficient facts to support the claims advanced." *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

## II.     Background

The events in this lawsuit took place while Mr. Aery was confined at the Beltrami County Jail. [Am. Comp. at 4, ECF No. 5.] Defendant Ernie Beitel is the Sheriff of Beltrami County, and was sued in his individual and official capacities. [*Id.*] Defendant Calandra Allen is a captain at the Beltrami County Jail and is the jail administrator, she was sued in her individual and official capacities as well. [*Id.*]

Mr. Aery alleges that he was served inadequate quantities of food at the Beltrami County Jail between February and March 2022. [*Id.* at 6, 8.] He asserts that the "[c]aloric intake is below adequate levels" and he "highly doubt[s] the food being served "meet[s] 2400 calories per day." [*Id.* at 9.] Mr. Aery notes that he "sent [Beitel] letters concerning inadequate food practices," on February 6 and 14, 2022. [*Id.* at 4.] Specifically, he complained about the quality and amount of food being served at the facility. [*Id.*] He alleges that he did not receive a response from Beitel. [*Id.* at 4–5.] Mr. Aery also asserts that he met with Allen once in February 2022 to discuss insufficient quantities of food. [*Id.* at 3, 5.] Allen allegedly told him there was "a supply chain crisis" when explaining why desserts had no frosting on them. [*Id.* at 6.] Mr. Aery further maintains that "Allen has it within her power to . . . align the food-service to follow the supposed dietician[-]approved menu." [*Id.* at 7.]

### III. Discussion

The County Defendants object to the R&R's finding that Mr. Aery sufficiently pled Fourteenth Amendment inadequate-nutrition claims against defendants Beitel and Allen in their individual capacities. [Objection at 1.] Further, they object to the R&R's conclusion that Beitel and Allen are not entitled to qualified immunity. [*Id.*] Based on the Court's careful review, defendants' objections are overruled.

#### A. Inadequate-Nutrition Claims

Mr. Aery alleges that Beitel and Allen violated his constitutional rights by failing to ensure he received adequate food at the Beltrami County Jail after he brought the issue to their attention. [Am. Comp. at 3, 5.] "To state a claim under § 1983, 'a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution.'" *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 676). "To demonstrate a constitutional violation, [a plaintiff] must show that the defendants were deliberately indifferent to his nutritional needs." *Ingrassia v. Schafer*, 825 F.3d 891, 897 (8th Cir. 2016). Prisoners are guaranteed a reasonably adequate diet." *Rust v. Grammar*, 858 F.2d 411, 414 (8th Cir. 1988). To show that defendants violated his constitutional rights, a defendant may provide "evidence that the food he was served was nutritionally inadequate . . . or that his health suffered as a result of the food." *Ingrassia v. Schafer*, 825 F.3d 891, 897 (8th Cir. 2016) (quotation omitted). To show deliberate indifference, the defendant officials must have had "actual knowledge of the substantial risk posed to an inmate's health and safety." *Kulkay v. Roy*, 847 F.3d 637, 644 (8th Cir. 2017).

4

Beitel and Allen object to the R&R's conclusion that the Amended Complaint sufficiently alleges they had the requisite knowledge to be liable for Mr. Aery's inadequate-nutrition claims. [Objection at 1.] To the contrary, treating the plaintiff's allegations as true, and taking the reasonable inferences from those allegations in plaintiff's favor, both defendants knew of Aery's complaints and had authority to change his meals. According to Aery, he sent letters to Beitel regarding his concerns about the food, and Beitel had authority to do something about his complaints. [Am. Comp. at 4–5.] He further alleges that he had a conversation with Allen about the food quality/quantity, and Allen had control over what was served by Summit Corrections in her role as the jail administrator. [*Id.* at 3, 5, 7.] Rather than acting on this knowledge to rectify the risk to his health, Mr. Aery alleges that the Defendants did nothing. The R&R analyzed these allegations in the context of Eighth Circuit precedent and found, based on a liberal construction of the pro se pleading, that the facts asserted here were comparable to those found sufficient in other inadequate-nutrition cases. [R&R at 13–16.] This Court finds no error in Judge Leung's findings. At this stage of the proceedings, Mr. Aery has shown that Beitel and Allen each potentially had the requisite the requisite knowledge and authority for his inadequate nutrition claims. *Ingrassia*, 825 F.3d at 898.

**B. Qualified Immunity**

The County Defendants object to the R&R's determination that Beitel and Allen are not entitled to qualified immunity at the motion-to-dismiss stage of the litigation. [Objections at 1.] "In claims brought under 42 U.S.C. § 1983, 'qualified immunity shields government officials from liability and the burdens of litigation unless their conduct

violated a clearly established constitutional or statutory right of which a reasonable official would have known.'" *Schoettle v. Jefferson Cty.*, 788 F.3d 855, 858 (8th Cir. 2015) (quoting *Carpenter v. Gage*, 686 F.3d 644, 648 (8th Cir. 2012). To determine whether a government official is entitled to qualified immunity, courts consider "(1) whether the facts alleged, construed in the light most favorable to [the plaintiff], establish a violation of a constitutional or statutory right, and (2) whether that right was clearly established at the time of the alleged violation, such that a reasonable official would have known that her actions were unlawful." *Keil v. Triveline*, 661 F.3d 981, 985 (8th Cir. 2011) (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). "If the answer to either question is no, then the [officials] are entitled to qualified immunity." *Id.* (citing *Pearson*, 555 U.S. at 236).

In this case, Mr. Aery alleges the food served at the Beltrami County Jail was calorically and proportionally insufficient. [Am. Comp. at 6, 9.] He additionally alleges that he had health issues because of his inadequate diet, including but not limited to, experiencing weight loss, anxiety, depression, irritable bowel syndrome, constipation, and tooth decay; needing supplements to address vitamin and fiber deficiencies; and having difficulties with concentration and low energy. [*Id.* at 8–12.] The Eighth Circuit has determined that it is "clearly established that a prisoner may properly allege a constitutional violation by demonstrating significant weight loss or other adverse physical effects from lack of nutrition." *Ingrassia*, 825 F.3d at 899; *see, e.g.*, *Kurtenbach v. Codington Cty.*, No. 1:20-CV-01008-CBK, 2022 WL 4482863, at *7 (D. S.D. Sept. 27, 2022) (right to adequate nutrition clearly established); *see also Farmer v. Brennan*, 511 U.S. 825, 832 (1994) ("[P]rison officials must ensure that inmates receive adequate food."). The R&R properly

relied upon the binding caselaw demonstrating that the right at issue here was clearly established at the time of the events relevant to this dispute. [R&R at 16–18.] Therefore, the Court agrees with the R&R's recommendation that defendants Beitel and Allen are not entitled to qualified immunity on Plaintiff's inadequate-nutrition claims at this stage.

Accordingly, **IT IS HEREBY ORDERED that**:

1. The Report and Recommendation [ECF No. 42] is **ACCEPTED**.

2. Defendants' Objections [ECF No. 44] are **OVERRULED**.

3. Defendants' Motion to Dismiss [ECF No. 27] is **DENIED IN PART** as to plaintiff's inadequate-nutrition claims against Beitel and Allen in their individual capacities, and **GRANTED IN PART** as to all other claims against the County Defendants, with such claims being dismissed without prejudice for failure to state a claim.

Date: March 29, 2023

    *s/Katherine Menendez*
Katherine Menendez
United States District Judge