UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James Paul Aery, | Case No. 22-cv-0114 (KMM/DLM) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Ernie Beitel, Collardra Allen, and Summit Food Service, LLC, | |
| Defendants. | |

Plaintiff James Paul Aery filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging, among other things, that Summit Food Service, LLC[1] ("Summit") served him inadequate quantities of food between February and March 2022 while he was housed at the Beltrami County Jail. (Doc. 5 at 4.) Presently before the Court is Mr. Aery's Motion for Default Judgment. (Doc. 56.) In his Motion, Mr. Aery "requests Default Judgment against Summit Corrections" because a "[s]ummons [was] issued on 1-13-2023 with no Answer." (*Id.* at 1.) Mr. Aery argues that Summit's lack of answer demonstrates that "Summit [is] obviously not taking this case serious[ly][.]" (*Id.*) Mr. Aery's Motion has been referred to the undersigned United States Magistrate Judge for a Report and

---

[1] Both Mr. Aery's original Complaint, (Doc. 1), and Amended Complaint, (Doc. 5), named Summit Corrections as a Defendant, but in Summit's answer to Mr. Aery's Amended Complaint, Summit notes that "Defendant Summit Food Service, LLC, improperly named as Summit Corrections, . . . states and alleges as follows[,]" (Doc. 70). The Clerk's Office accordingly corrected Summit's name this action's docket, terminating Defendant Summit Corrections on June 29, 2023, and substituting the properly named Defendant Summit Food Service, LLC. (*See generally* Docket.)

Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons below, the Court recommends that Mr. Aery's Motion be denied.

## BACKGROUND

Relevant to Mr. Aery's Default Motion, on January 13, 2023, the Clerk of Court issued a Summons as to Summit and the Court ordered the United States Marshals Service to effect service of process upon Summit. (Docs. 41 at 1–2; 43.) Because of an administrative oversight, the Marshals apparently failed to promptly provide notice to the Clerk's Office that service on Summit had been effected. Upon learning of this oversight, the Clerk's Office requested that notice of service, received it from the Marshals, and filed it on June 13, 2023. (Doc. 57.) The notice documented that the Marshals had served Summit on January 26, 2023. (*Id.*) Thus, Summit's answer or other response to Mr. Aery's Amended Complaint was due on or before February 16, 2023. (*Id.*)

Because Summit had filed no answer or response by that deadline, the Court promptly issued an Order to Answer on June 14, 2023, requiring that Mr. Aery notify Summit that its response was required, and if Summit still failed to answer, file an application for entry of default pursuant to Federal Rule of Civil Procedure 55(a). (Doc. 58.) Mr. Aery complied with the Court's Order and notified Summit of its overdue response. (Docs. 60, 69.) Mr. Aery also opposed the Court's Order to Answer because "[n]o further appearance or Answer or motion should be allowed" where "Summit Corrections has had 120 days approximately to respond to [the] Summons." (Doc. 59.) Additionally, Mr. Aery filed a Default Request to the Clerk of Court asking that default

judgment be entered against Summit, (Doc. 61), but the Clerk's Office declined to take the requested action, (Doc. 63).

On June 29, 2023, Summit filed its belated Answer to Mr. Aery's Amended Complaint. (Doc. 70.) Mr. Aery renewed his request that the Clerk of Court enter default against Summit, (Doc. 75), but the Clerk responded that Summit had filed its answer on June 29 and therefore she would not enter default, (Doc. 76).

## DISCUSSION

Default may be entered when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend[.]" Fed. R. Civ. P. 55(a). While it is true that Summit's Answer to Mr. Aery's Amended Complaint is untimely, the Court finds that this untimeliness alone does not present the rare circumstances under which default judgment is warranted. This is because there is a "judicial preference for adjudication [of cases] on the merits" rather than on procedural default, whenever possible. *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998) (citing *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993)). In support of this preference, the Eighth Circuit has held that "default judgment is not an appropriate sanction for a 'marginal failure to comply with time requirements.'" *Forsythe v. Hales*, 255 F.3d 487, 490 (8th Cir. 2001) (quoting *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996)). Instead, default judgment should be reserved for cases "where the party against whom the judgment is sought has engaged in 'willful violations of court rules, contumacious conduct, or intentional delays.'" *Id.* (citing *Ackra*, 86 F.3d at 856); *accord Carlson v. Educ. Credit Mgmt. Corp. Shared Servs. Co., LLC*, No. 19-cv-2699 (DWF/TNL), 2020 WL 6106267, at

3

\*3 (D. Minn. June 11, 2020) (quoting *Taylor v. City of Ballwin*, 859 F.2d 1330, 1332 (8th Cir. 1988); citing *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009 (8th Cir. 1993)) ("Entry of default judgment should, however, be a rare judicial act and reserved only for those cases where there is 'a clear record of delay or contumacious conduct.'"), *R. and R. adopted*, 2020 WL 4559409 (D. Minn. Aug. 7, 2020).

While the Court expects to see greater diligence from Summit during the rest of this action, it finds that Summit's untimeliness to date does not exhibit a pattern of repeatedly wilful disregard of the Court's Orders or the Rules governing deadlines in this civil action. *Cf., e.g.*, *Forsythe*, 255 F.3d at 490 (finding that a repeated failure to engage in discovery, appear at depositions, and appear at hearings set by the court justified granting default judgment against a defendant); *Ackra*, 86 F.3d at 855, 857 (finding that a repeated failure to retain substitute counsel, comply with court orders, and respond to discovery justified granting default judgment against a defendant); *Comiskey*, 989 F.2d at 1009 (finding that a repeated failure to respond to discovery requests and to comply with court orders justified granting default judgment against a defendant).

There are also two other reasons this Court does not recommend that default judgment be entered here. First, the grant of a motion for default judgment is not proper where there has been no entry of default against a party first. *Johnson*, 140 F.3d at 783 (quoting Fed. R. Civ. P. 7(a), 55(a); citing 10 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure: Civil 2d § 2682* (1983)) ("When a party 'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b).");

4

*accord Streambend Properties III, LLC v. Sexton Lofts, LLC*, 297 F.R.D. 349, 369 (D. Minn.) (citing *Johnson*, 140 F.3d at 783), *aff'd*, 587 F. App'x 350 (8th Cir. 2014). Here, despite Mr. Aery's repeated requests, (Docs. 61, 75), the Clerk of Court has properly declined to enter default, (Docs. 63, 76).

And second, the Court notes that there has been an unfortunate delay in this case because of the Marshals' administrative oversight in failing to provide prompt notice that it had effected service on Summit. While the Court agrees with Mr. Aery that Summit should have responded to Mr. Aery's Amended Complaint sooner, the Court would have taken corrective action earlier to prompt Summit's response had the Marshals provided notice of service more promptly. In other words, not all delays to date were caused by Summit alone, and the Court accounts for these circumstances in its findings and recommendation.

## RECOMMENDATION

Based on the above, and on all the files, records, and proceedings in this action, **IT IS RECOMMENDED** that Plaintiff James Paul Aery's Motion for Default Judgment (Doc. 56) be **DENIED**.

Date: August 17, 2023                               *s/Douglas L. Micko*
                                                           DOUGLAS L. MICKO
                                                           United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served with a copy" of the Report and Recommendation.

A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).