UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James Paul Aery, | Case No. 22-cv-00114 (KMM/TNL) |
| Plaintiff, | |
| v. | ORDER |
| Ernie Beitel et al., | |
| Defendant. | |

The above matter comes before the Court upon the Report and Recommendation ("R&R") of United States Magistrate Judge Douglas L. Micko dated August 17, 2023 [ECF No. 82], Plaintiff James Paul Aery's objections to the R&R [ECF No. 83], and Mr. Aery's Motion for Default Judgment [ECF No. 56]. The factual background for the above-referenced matter is clearly and precisely set forth in the R&R and is incorporated by reference. Based on the R&R of the Magistrate Judge and upon all the files, records, and proceedings herein, the Court adopts the R&R, denies Mr. Aery's objections to the R&R, and dismisses Mr. Aery's Motion for Default Judgment.

I. **Standard of Review**

After an R&R is issued, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *United States v. Miller*, Crim. No. 20-232(19) (JRT/BRT), 2022 WL 3644894, at *2 (D. Minn. Aug. 24, 2022)

1

(quoting *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008)). The Court reviews *de novo* those portions of the R&R to which specific objections are made, and it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b)(3).

## II.   Discussion

Mr. Aery requested default judgment against Summit Corrections ("Summit") after Summit failed to respond to a summons issued on January 13, 2023. [Summons, ECF No. 43.] Mr. Aery indicates that Summit's lack of answer demonstrates that they are not taking the matter seriously.

First, default judgment against Summit would be inappropriate because an entry of default by the clerk is a prerequisite to obtaining a default judgment, and such a default was ever entered in this case. Fed. R. Civ. P. 55(a); *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) (explaining that "entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)"). Second, even if the Clerk had entered default, the Court still retains discretion when deciding whether to enter default judgment. *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015). Default judgments are generally disfavored because there is a judicial preference for adjudication on the merits. *Id.* Lastly, default judgment is appropriate only after one is properly served and "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ." Fed. R. Civ. P. 55(a). Summit has clearly indicated its intent to

2

defend against this action by filing a response to the summons. Therefore, default judgment is not appropriate.

Based on the Court's careful review of Mr. Aery's objections, the R&R and all the files, records and proceedings herein, the Court adopts the R&R, overrules Mr. Aery's objections, and dismisses Mr. Aery's Motion for Default Judgment.

Accordingly, **IT IS HEREBY ORDERED that**:

1. The Report and Recommendation [ECF No. 82] is **ACCEPTED**.

2. Plaintiff's Objections [ECF No. 83] are **OVERRULED**.

3. Plaintiff's Motion for Default Judgment [ECF No. 56] is **DENIED**.

Date: September 27, 2023

                                                       s/Katherine Menendez  
                                                       Katherine Menendez  
                                                       United States District Judge