## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| James Paul Aery, | Case No. 22-cv-0114 (KMM/DLM) |
| Plaintiff, | |
| v. | **DEFENDANT SUMMIT FOOD SERVICE, LLC'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS** |
| Ernie Beitel, Collardra Allen, Beltrami County and Summit Corrections, | |
| Defendants. | |

TO:    *Pro Se* Plaintiff James Paul Aery, Beltrami County Jail, 626 Minnesota Avenue NW, Bemidji, MN  56601

Defendant Summit Food Service, LLC (hereinafter "Summit") makes the following

as its Responses to plaintiff's Request for Production of Documents:

1.    Menus for BCJ 2004-2023.

**RESPONSE:    Summit objects to this request as vague, overly broad, and unduly burdensome. Summit further objects to this interrogatory because it seeks information that is outside of the scope of time at issue in the Complaint. Subject to and without waiving said objections, the menus created for inmates at Beltrami County Jail are proprietary and will be produced subject to completion, and order, of the enclosed stipulation for protective order.**

2.    Agreement and all amendments between Beltrami County and Summit 2004-2023.

**RESPONSE:    Summit objects to this request as vague, overly broad, and unduly burdensome. Summit further objects to this interrogatory because it seeks information that is outside of the scope of time at issue in the Complaint. See the Food Service Management Agreement between Beltrami County Jail and Summit Food Service, LLC (formerly known as A'viands, LLC) and Amendments, [Summit 1 – 29].**

3.    2004-2023 menu items purchase receipts.

Ex. A.1

**RESPONSE:        Summit objects to this request as vague, overly broad, and unduly burdensome. Summit further objects to this request because it seeks information that is outside of the scope of time at issue in the Complaint. Summit also objects to this request because it not proportional to the needs of this case, seeking irrelevant information not likely to resolve the issues and the burden of the obtaining the discovery outweighs its likely benefit. Subject to and without waiving said objections, if Plaintiff identifies certain menu items with reasonable particularity, Summit will make reasonable efforts to determine if such requested information is in its possession, custody or control.**

4.      2004-2023 menu items nutritional facts

**RESPONSE:        Summit objects to this request as vague, overly broad, and unduly burdensome. Summit further objects to this request because it seeks information that is outside of the scope of time at issue in the Complaint. Summit also objects to this request because it is proprietary information, not proportional to the needs of this case, and the burden of the obtaining the proprietary information outweighs its likely benefit. Subject to and without waiving said objections, if Plaintiff identifies certain menu items with reasonable particularity, Summit will make reasonable efforts to determine if such requested information is in its possession, custody, or control subject to completion, and order, of the enclosed stipulation for protective order.**

5.      2004-2023 dietitian license.

**RESPONSE:        Summit objects to this request as vague, overly broad, and unduly burdensome. Summit further objects to this request because it seeks information that is outside of the scope of time at issue in the Complaint and because it seeks irrelevant information that is beyond the scope of permissible discovery. Subject to and without waiving said objections, see licensing information for the Summit Dietitian, [Summit 32]. Investigation and discovery continue.**

6.      2004-2023 employee names.

**RESPONSE:        Summit objects to this request as vague, overly broad, and unduly burdensome. Summit further objects to this request as seeking personal data and private information not available to inmates. Summit further objects to this request because it seeks information that is outside of the scope of time at issue in the Complaint and because it seeks irrelevant information that is beyond the scope of permissible discovery.**

Ex. A.2

7.      Policies and procedures 2004-2023.

**RESPONSE**:      **Summit objects to this request as vague, overly broad, and unduly burdensome. Summit further objects to this request because it seeks information that is outside of the scope of time at issue in the Complaint and because it seeks irrelevant information that is beyond the scope of permissible discovery. Subject to and without waiving said objections, no such written responsive documents are known to exist. Investigation and discovery continue.**

8.      Rules and guides 2004-2023.

**RESPONSE**:      **Summit objects to this request as vague, overly broad, and unduly burdensome. Summit further objects to this request because it seeks information that is outside of the scope of time at issue in the Complaint and because it seeks irrelevant information that is beyond the scope of permissible discovery. Subject to and without waiving said objections, no such written responsive documents are known to exist. Investigation and discovery continue.**

9.      Site visit results 2004-2023.

**RESPONSE**:      **Summit objects to this request as vague, overly broad, and unduly burdensome. Summit further objects to this request because it seeks information that is outside of the scope of time at issue in the Complaint and because it seeks irrelevant information that is beyond the scope of permissible discovery.**

10.      Nutritional Compliance Statements 2004-2023.

**RESPONSE**:      **Summit objects to this request as vague, overly broad, and unduly burdensome. Summit further objects to this request because it seeks information that is outside of the scope of time at issue in the Complaint and because it seeks irrelevant information that is beyond the scope of permissible discovery. Subject to and without waiving said objections, see attached Nutritional Compliance Statements, [Summit 30–36]. Investigation and discovery continue.**

11.      Nutrient database information.

**RESPONSE:**        **Summit objects to this request as vague, overly broad, and unduly burdensome, and not limited in time. Summit further objects to this request because menu nutritional information is proprietary information. This request is also objected to because it is not proportional to the needs of this case, and the burden of the obtaining the proprietary information outweighs its likely benefit. Subject to and without waiving said objections, if Plaintiff identifies certain menu items with reasonable particularity, Summit will make reasonable efforts to determine if such requested information is in its possession, custody or control subject to completion, and order, of the enclosed stipulation for protective order.**

12.    Computerized nutritional analysis.

**RESPONSE:**        **Summit objects to this request as vague, overly broad, and unduly burdensome, and not limited in time. Summit further objects to this request because menu nutritional information is proprietary information. This request is also objected to because it is not proportional to the needs of this case, and the burden of the obtaining the proprietary information outweighs its likely benefit. Subject to and without waiving said objections, if Plaintiff identifies certain menu items with reasonable particularity, Summit will make reasonable efforts to determine if such requested information is in its possession, custody or control subject to completion, and order, of the enclosed stipulation for protective order.**

13.    Employee rewards/bonuses.

**RESPONSE:**        **Summit objects to this request as vague, overly broad, and unduly burdensome, argumentative and indefinite in time. Summit further objects to this interrogatory because it seeks irrelevant information that is beyond the scope of permissible discovery.**

14.    Utensil names and sizes.

**RESPONSE:**        **Summit objects to this request as vague, overly broad, and unduly burdensome. Summit further objects to this interrogatory because it seeks irrelevant information that is beyond the scope of permissible discovery. Subject to and without waiving said objections, Summit does not purchase the serving equipment for Beltrami County Jail and such information is not in its possession, custody, or control.**

15.    Recipes.

4

**RESPONSE:        Summit objects to this request as vague, overly broad, and unduly burdensome. Summit further objects to this request because it seeks information that is outside of the scope of time at issue in the Complaint. Summit also objects to this request because it not proportional to the needs of this case, seeking irrelevant information not likely to resolve the issues and the burden of the obtaining the discovery outweighs its likely benefit. Summit further objects to this request to the extent that it seeks proprietary information. Subject to and without waiving said objections, if Plaintiff identifies certain menu items with reasonable particularity, Summit will make reasonable efforts to determine if such requested information is in its possession, custody or control.**

16.    Calories in 5g Golden Sweet container.

**RESPONSE:        Summit objects to this request to the extent that it seeks proprietary information regarding menu nutritional information. Summit further objects to this request as such information is equally available to plaintiff.**

17.    Calories in 1 oz. margarine.

**RESPONSE:        Summit objects to this request to the extent that it seeks proprietary information regarding menu nutritional information. Summit further objects to this request as such information is equally available to plaintiff.**

18.    Calories in 1 egg.

**RESPONSE:        Summit objects to this request to the extent that it seeks proprietary information regarding menu nutritional information. Summit further objects to this request as such information is equally available to plaintiff.**

19.    Menu from when served 2 eggs (hard-boiled) at breakfast and following menu showing replacement.

**RESPONSE:        Summit objects to this request as vague, overly broad, unduly burdensome, and indefinite in time. Summit further objects to this interrogatory because it seeks irrelevant information that is beyond the scope of permissible discovery. Subject to and without waiving said objections, no such menu known to exist as hard-boiled eggs are not served at breakfast as part of the regular menu.**

Dated:  August 25, 2023

Nicole L. Brand (#299546)
Besse H. McDonald (#0398662)
MEAGHER & GEER, P.L.L.P.
33 South Sixth Street, Suite 4300
Minneapolis, MN 55402
Phone:  612-338-0661
FAX:    612-338-8384
Email:  nbrand@meagher.com
        bmcdonald@meagher.com

*Attorneys for Defendant Summit Food
Service, LLC*

16322741.1

6

# MG MEAGHER+GEER®

**Minneapolis | Chicago | Dallas | Phoenix | Los Angeles | Bismarck**

Nicole L. Brand
Direct Fax: 612/877-3070
Email: nbrand@meagher.com

Besse H. McDonald
Direct Fax: 612/877-3004
Email: bmcdonald@meagher.com

August 25, 2023

James Paul Aery
Beltrami County Jail
626 Minnesota Avenue NW
Bemidji, MN 56601

Re: *James Paul Aery v. Ernie Beitel, et al.*
Case No. 22-cv-0114 (KMM/TNL)
Our File No. 61122-00002

Dear Mr. Aery:

Enclosed and served upon you by USPS mail are the following:

1. Stipulation for Protective Order, with return envelope and postage

2. Summit Food, LLC's Responses to Plaintiff's Request for Documents

3. Summit Food, LLC's Answers to Plaintiff's Interrogatories

We are also serving the above through electronic means to the other parties.

Sincerely,

Nicole L. Brand
Besse H. McDonald

NLB/BHM:cms:16326403.1
Enclosures

Ex. B.1

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

|  |  |
|---|---|
| James Paul Aery,<br><br>                    Plaintiff,<br><br>v.<br><br>Ernie Beitel, Collardra Allen, Beltrami County and Summit Corrections,<br><br>                    Defendants. | Civil No. 22-cv-0114 (KMM/DLM)<br><br>**STIPULATION AND JOINT MOTION FOR PROTECTIVE ORDER** |

WHEREFORE, Plaintiff James Paul Aery, commenced this action against Defendants;

WHEREFORE, pursuant to their discovery obligations in this action, the parties have exchanged and contemplate further exchange of documents and information that is private, confidential, commercially sensitive, or otherwise subject to protection under Fed. R. Civ. 26(c);

NOW, THEREFORE, it is hereby stipulated and agreed, by and between the parties, through their undersigned counsel, that the parties shall be bound by the terms of the Stipulated Protective Order attached hereto as Exhibit A; and

The parties hereby jointly move the Court to adopt and enter the Stipulated Protective Order as the order of the Court.

Ex. C.1

Dated: _____, 2023

_____
James Paul Aery

*Pro Se Plaintiff*

Dated: <u>August 25,   </u>, 2023

_____
Nicole L. Brand (#299546)
Besse H. McDonald (#0398662)
**Meagher & Geer, PLLP**
33 South Sixth Street, Suite 4300
Minneapolis, MN  55402
(612) 338-0661
nbrand@meagher.com
bmcdonald@meagher.com

*Attorneys for Defendant Summit Food*
*Service, LLC*

Dated: _____, 2023

_____
Dyan J. Ebert (#0237966)
Elle M. Lannon (#0400873)
**Quinlivan & Hughes, P.A.**
P. O. Box 1008
St. Cloud, MN  56302-1008
(320)251-1414
debert@quinlivan.com
elannon@quinlivan.com

*Attorneys for Defendants Ernie Beitel,*
*Collardra Allen and Beltrami County*

Ex. C.2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| James Paul Aery,<br><br>                          Plaintiff,<br><br>v.<br><br>Ernie Beitel, Collardra Allen, Beltrami<br>County and Summit Corrections,<br><br>                          Defendants. | Civil No. 22-cv-0114 (KMM/DLM)<br><br><br>**STIPULATED PROTECTIVE ORDER** |

Upon stipulation of the parties for an order pursuant to Fed. R. Civ. 26(c) that

confidential information be disclosed only in designated ways:

1.      As used in the Protective Order, these terms have the following meanings:

"Attorneys" means counsel of record;

"Confidential" documents are documents designated pursuant to paragraph 2;

"Documents" are all materials within the scope of Fed. R. Civ. 34

"Outside Vendors" means messenger, copy, coding, and other clerical-services

vendors not employed by a party or its Attorneys; and

"Written Assurance" means an executed document in the form attached as Exhibit

A.

2.      A party may designate a document "Confidential", to protect information

within the scope of Fed. R. Civ. 26(c).

3

3.      All Confidential documents, along with the information contained in the documents, shall be used solely for the purposes of this action, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in paragraph 4.  Any other use is prohibited.

4.      Access to any Confidential document shall be limited to:

(a)      the Court and its staff;

(b)      Attorneys, their law firms, and their Outside Vendors;

(c)      persons shown on the face of the document to have authored or received it;

(d)      court reporters retained to transcribe testimony;

(e)      the parties;

(f)      outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action.

5.      Third parties producing documents in the course of this action may also designate documents as "Confidential", subject to the same protections and constraints as the parties to the action.  A copy of the Protective Order and Local Rule 5.6 shall be served along with any subpoena served in connection with this action.  All documents produced by such third parties shall be treated as "Confidential" for a period of 14 days

Ex. C.4

from the date of their production, and during that period any party may designate such documents as "Confidential" pursuant to the terms of the Protective Order.

6.      Each person appropriately designated pursuant to paragraphs 4(f) to receive Confidential information shall execute a "Written Assurance" in the form attached as Exhibit A.  Opposing counsel shall be notified at least 14 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to be disclosed.  Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made.  If a party objects in writing to such disclosure within 14 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

7.      All depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential" and thereby obtain the protections accorded other "Confidential" documents.  Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript.  Unless otherwise agreed, depositions shall be treated as "Confidential" during the 14-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

8.      Any party who inadvertently fails to identify documents as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and

Ex. C.5

substitute appropriately-designated documents.  Any party receiving such improperly-designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

9.      If a party files a document containing Confidential information with the Court, it shall do so in accordance with Local Rule 5.6. Prior to disclosure at trial or a hearing of materials or information designated "Confidential", the party intending to use the confidential document must promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the Court.

10.      Any party may request a change in the designation of any information designated "Confidential."  Any such document shall be treated as designated until the change is completed.  If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" in the action may be affected.  The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. 26(c).

11.      Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential," and all copies of such documents, and shall destroy all extracts and/or data taken from such documents.  Each party shall provide a certification as to such return or destruction within the 60-day period.  However,

Ex. C.6

Attorneys shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the action.

12.    Any party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

13.    No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

14.    The obligations imposed by the Protective Order shall survive the termination of this action.

IT IS SO ORDERED.

Dated:  _____, 2023

_____
Douglas L. Micko
United States Magistrate Judge

7

Ex. C.7

**EXHIBIT A**

**WRITTEN ASSURANCE**

_____ declares that:

      I reside at _____ in the City of

_____, County of _____, State of _____ .  My

telephone number is _____.

      I am currently employed by _____,

located at _____, and my

current job title is _____.

      I have read and I understand the terms of the Protective Order dated

_____, filed in Civil No. 22-cv-0114 (KMM/DLM), pending in United States

District Court, District of Minnesota.  I agree to comply with and be bound by the

provisions of the Protective Order.  I understand that any violation of the Protective

Order may subject me to sanctions by the Court.

      I shall not divulge any documents, or copies of documents, designated

"Confidential" obtained pursuant to such Protective Order, or the contents of such

documents, to any person other than those specifically authorized by the Protective

Order.  I shall not copy or use such documents except for the purposes of this action and

pursuant to the terms of the Protective Order.

      As soon as practical, but no later than 30 days after final termination of this

action, I shall return to the attorney from whom I have received them, any documents in

Ex. C.8

my possession designated "Confidential", and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

      I submit myself to the jurisdiction of the United States District Court, District of Minnesota for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on _____      _____

                  (Date)                    (Signature)

Ex. C.9

Case: 0:22-cv-00114-KMM-DLM

JAMES PAUL AERY
BELTRAMI COUNTY JAIL
626 MINNESOTA AVE NW
BEMIDJI MN 56601
US

-------------------------------------

Will you meet and confer over
My request to extend Discovery? an
additional 60 days due to items
in controversy ie; Protection Order
(I am opposed at this point due to the
public's right to witness events and nothing
'proprietary'). Menu and Nutrition Facts basically
publicly accessible. No 'Trade Secrets'. Etcetera.
We need stipulate shorter response times
Maybe.

Ex. D.1

# Interrogatory Deficiencies

1. When your Dietitian reviewed the menus, to ensure requirements were met, did that person ensure menus reflected trays? Who made sure menus align with trays?

2. The menus stated that substitutions will be made and you are required to record such. Please provide the records and give examples of basic substitutions. For example frosting missing due to supply chain crisis in Allens (Doc 5 Page 6) Line 1, 3,4,5, . 2-25, 21, 11-2022. Please provide substitutions for the listed dates. All other times that substitutes provided in records.

3. Doc 5 Page 10 Line 6-7, ...and serve minimum requirements of everything... implies an incentive beyond the normal due to extent of meagre portions. What is rewarded for being at or below set costs?

Ex. D.2

4. Margarine was on menus but never provided. ~~Deficient Interrogatories~~

[illegible] Dietitian calculated menus to be about calorie requirements (3500 in 2020 & 21) so how stayed at 2500? [illegible] removed from breakfast and [illegible] cup switched to [illegible]?

5. What period of time was 5 gram margarine provided as 1 oz margarine?

6. [illegible] margarine in 2500? What substitutes 5 gram [illegible] breakfast margarine?

7. Do you use measurements of items before reconstituted ie; beans rice and other items water necessary to cook? Canned fruit not drained of juice as prison does to get actual fruit not syrup or other packaging add-in.

Dated 8-29-23          Sincerely,

[signature]

Ex. D.3

James Paul Aery
Beltrami County Jail
626 Minnesota Ave NW
Bemidji, MN 56601

Please address the following deficiencies re;

Document Reductions Dated August 25, 2023

1. After x food provided when money runs low

3. I mentioned 30 years and I have been coming to this jail since I was 18 so let us figure the damage from day 1 of my eating your foods. Fruits Vegetables side dishes main dishes bread desserts. Corn, Green beans, peas, carrots, pineapples, pears, apple sauce, apple slices, mixed vegetables, everything you purchased! Please.

4. As stated above - Everything

7. Your company has no policie and procedures? I doubt that. Maybe it's named otherwise?

8. Same as 7 above.. Create some rules if you have none.. help you avoid catastrophe.

9. Provide all available reviews.

10. Your Dietition can review it already so I would see it also entirely. Everything you have.

11. Provide everything you have. I will decide the "likely benefit".

13. Provide your incentives to "save the company money".

14. Summit uses untensils so produce the names and sizes.

15. Recipes have ingredients and amounts, I need that detail.

16. You ordered it and I am in jail—no access.

17. What type and do you dilute it somehow?

19. I attest to being provided cereal breakfast and I want menus please. Dated 8-29-23 Sincerely,

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

James Paul Aery,                                    Case No. 22-cv-0114 (KMM/DLM)

                    Plaintiff,

v.                                                              **BESSE H. MCDONALD'S**
                                                                **AFFIDAVIT IN SUPPORT OF**
                                                                **DEFENDANT SUMMIT FOOD**
Ernie Beitel, Collardra Allen, Beltrami          **SERVICE, LLC'S RESPONSE TO**
County and Summit Corrections,                   **PLAINTIFF'S MOTION TO COMPEL**

                    Defendants.

STATE OF MINNESOTA )
                                    )        SS
COUNTY OF HENNEPIN )

        I, Besse H. McDonald, being first duly sworn upon oath, deposes and states as

follows:

        1.        I am one of the attorneys representing Summit Food Service, LLC, am

familiar with this action, and submit this affidavit in support of Summit Food Service,

LLC's Response to Plaintiff's Motion to Compel.

        2.        On behalf of Summit Food Service, LLC, I conferred on the telephone with

plaintiff and Elle Lannon, counsel for Ernie Beitel and Calandra Allen, on September 17,

2023 regarding plaintiff's request to extend the discovery deadline.

        3.        As part of this conversation, plaintiff expressed his concerns with

defendants' discovery responses and stated that he had already filed and served by mail a

motion to compel with the Court.

Ex. E.1

4.    On behalf of Summit Food Services, LLC, I acknowledged that we were in receipt of plaintiff's letter, received September 5, 2023, setting out his asserted deficiencies with Summit Food Services, LLC's discovery responses and informed plaintiff that we were actively working to respond to and address the same. Plaintiff reported that he did not have his related paperwork in front of him at the time of our call. Due to an inability to confer without any meaningful specificity, I reiterated Summit Food Service, LLC's position that the menus, recipes, and nutritional information are proprietary and would be produced with a protective order, which we had stated previously in our discovery responses. To the extent that limited menus have already been produced by co-defendants, I expressed this was Summit Food Service, LLC's position. Plaintiff expressed his position that the public has a right to know.

Further your affiant sayeth not.

Subscribed and sworn to before me
This ___27th___ day of __September__, 2023

Besse H. McDonald

_Carla M. Stevenson_
Notary
Expiration:

CARLA M. STEVENSON
Notary Public-Minnesota
My Commission Expires Jan 31, 2028

2

Ex. E.2

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

James Paul Aery,

           Plaintiff,

v.

Ernie Beitel, Collardra Allen, Beltrami
County and Summit Corrections,

           Defendants.

Case No. 22-cv-0114 (KMM/DLM)

**JUSTIN BARTHEL'S AFFIDAVIT IN
SUPPORT OF DEFENDANT
SUMMIT FOOD SERVICE, LLC'S
RESPONSE TO PLAINTIFF'S
MOTION TO COMPEL**

STATE OF SOUTH DAKOTA  )
                           )   SS
COUNTY OF MINNEHAHA  )

I, Justin Barthel, being first duly sworn upon oath, deposes and states as follows:

1.     I am the Director of Dietary Services for Summit Food Services, LLC and have personal knowledge regarding the matters stated herein.

2.     Summit Food Services, LLC is a service company that contracts with correctional facilities to provide food services nationally.

3.     The food service program provides correctional facility clients with tailored menus to meet each client's needs and to align with state and national guidelines for inmate food service.

4.     Employees of Summit Food Services, LLC agree to maintain the confidentiality of information regarding the menus, recipes, and nutritional information. The menus, recipes, and nutritional information constitute and include proprietary

Ex. F.1

business information that, if made public, would disadvantage Summit Food Services, LLC among its competitors.

5.    Summit Food Services, LLC (formerly A'viands, LLC) has had a contract with Beltrami County Jail to provide food service management to Beltrami County Jail since April 20, 2004.

6.    The menus, recipes, and related nutritional information, that Summit Food Service, LLC creates for each of its clients, including Beltrami County Jail, are proprietary in nature.

7.    While the menus are available for review at the Beltrami County Jail, this is done for informative purposes and is consistent with the requirements of the Minnesota Administrative Rules. Copies of the menus are not provided to the inmates or the public, and the related recipes and nutritional information specific to each menu is available only to Dietary Services division.

Further your affiant sayeth not.

_____
Justin Barthel, RD

Subscribed and sworn to before me
This 27 day of September 2023

_____
Notary
Expiration: May 21, 2025

ANTHONY DONIS-PEREZ
NOTARY PUBLIC SEAL
STATE OF SOUTH DAKOTA

2

Ex. F.2