UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James Paul Aery, | No. 22-cv-114 (KMM/DLM) |
| Plaintiff, | |
| v. | **ORDER** |
| Ernie Beitel, Calandra Allen, and Summit Food Service, LLC, | |
| Defendants. | |

This matter is before the Court on the July 29, 2024 Report and Recommendation ("R&R") of United States Magistrate Judge Douglas L. Micko. ECF 141. Judge Micko recommends that: (1) the motions for summary judgment filed by Defendant Summit Food Service LLC ("Summit"), ECF 103, and Defendants Ernie Beitel and Calandra[1] Allen, ECF 110, be granted; (2) Plaintiff James Paul Aery's federal claims be dismissed with prejudice; and (3) the Court decline to exercise supplemental jurisdiction over any remaining state law claims. Mr. Aery has filed objections to the R&R, Pl.'s Objections, ECF 153, and Defendants have responded, ECF 158–59. For the reasons that follow, the Court overrules Mr. Aery's objections, accepts the R&R, grants the Defendants' motions for summary judgment, and dismisses this action.

---

[1] Although the spelling of Defendant Allen's first name is different in the original case caption, Defendants assert that her first name is spelled "Calandra," and Mr. Aery does not disagree.

## BACKGROUND

Mr. Aery filed this case in January 2022 and amended his complaint in April 2022. In the Amended Complaint, Mr. Aery asserts claims under 42 U.S.C. § 1983 and under state law. Mr. Aery alleges that while he was confined in Beltrami County Jail, on February 6 and 14, 2022, he sent letters concerning Defendants' "inadequate food practices," such as providing "insufficient rations of food," that deprived him of adequate nutrition in violation of Minnesota Administrative Rules and his rights under the Eighth and Fourteenth Amendments of the U.S. Constitution. In particular, he alleges that servings of margarine listed on the menus were removed from his meal tray. Mr. Aery alleges that Defendant Allen had the ability to change this practice, but failed to do so. Further, he alleges that Defendant Summit, the Beltrami County Jail's food service provider for many years, was responsible for serving less than the listed menu portions for an extended period. Mr. Aery alleged that these practices caused him to lose substantial weight, resulted in vitamin deficiencies and tooth decay, deprived him of sufficient energy and the ability to focus, and caused several other physical and mental harms.

This Court previously granted in part and denied in part a motion to dismiss filed by Defendants Beltrami County, Ernie Beitel, and Calandra Allen. The Court allowed Mr. Aery's inadequate-nutrition claims against Beitel and Allen in their individual capacities to go forward, but granted the motion to dismiss all other claims against the County Defendants. On January 19, 2024, Summit filed its motion for summary judgment, as did Beitel and Allen. Judge Micko issued his R&R on July 29, 2024, and Mr. Aery filed his objections on August 15, 2024.

## I. Legal Standard

When a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Such objections should identify the part of the R&R to which objections are made and state the reason for the party's objection. *Mayer v. Walvatne*, No. 07-cv-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). A district court conducts a de novo review of those portions of a magistrate judge's R&R to which a party files specific objections. Fed. R. Civ. P. 72(b)(3). This means that a district court "'gives fresh consideration to those issues to which specific objection has been made.'" *United States v. Riesselman*, 708 F. Supp. 2d 797, 807 (N.D. Iowa 2010) (quoting *United States v. Raddatz*, 477 U.S. 667, 675 (1980)).

## II. Discussion

### A. Summary of R&R

In the R&R, Judge Micko first addressed Summit's motion for summary judgment and then turned to the motion filed by Beitel and Allen. In addressing Summit's motion, Judge Micko disagreed with Summit's argument that it was not a state actor for purposes of § 1983. However, Judge Micko found that Mr. Aery did not show that there were triable issues of fact regarding any of his constitutional claims against Summit. First, Judge Micko concluded that Mr. Aery's Eighth Amendment claim failed because that provision does not apply to pretrial detainees. Second, the R&R finds that summary judgment was proper on Mr. Aery's Fourth Amendment claim because he "makes no claim of, nor does evidence in the record suggest, an unreasonable search, seizure, or the use of excessive force by Defendant Summit as an entity or any Summit employee." R&R 6. Third, Judge Micko

3

concluded that Mr. Aery failed to establish that Summit violated his Fourteenth Amendment rights because he offered no evidence showing that Summit's alleged policy of providing inadequate margarine and other substandard food actually exists or was so arbitrary or excessive that it amounted to punishment. Fourth, regarding his claim that Summit was deliberately indifferent to Mr. Aery's dietary needs, the R&R concludes that Mr. Aery failed to identify any evidence showing the food Summit provided was inadequate or that Summit disregarded Mr. Aery's concerns regarding adequate nutrition despite knowledge of a substantial risk of harm. In addition, Judge Micko found that the evidence in the record contradicted Mr. Aery's claim that he was denied a vegetarian diet. Fifth, Judge Micko concluded that Mr. Aery failed to point to evidence that would support any claim for punitive damages against Summit and because he presented no evidence that Summit caused him to suffer a physical injury, he could not meet the physical-injury requirement of the Prison Litigation Reform Act. Finally, the R&R concludes that if Mr. Aery properly alleged any state law claims, the Court should decline to exercise supplemental jurisdiction over those claims under 28 U.S.C. § 1367(c).

Regarding the summary judgment motion filed by Beitel and Allen, Judge Micko reached similar conclusions to those described above. First, he determined that the Eighth Amendment did not apply to Plaintiff's claims, and therefore, Defendants are entitled to summary judgment on those claims. Second, the R&R finds that Mr. Aery failed to show that Beitel and Allen acted with deliberate indifference, entitling them to summary judgment on the Fourteenth Amendment claims against them. Again, Judge Micko determined that the Defendants presented evidence showing that Aery was provided

4

nutritionally sufficient food and that his health was not harmed, that he actually gained weight between February and March 2022 and June 2022, and that Defendants did not intentionally ignore Mr. Aery's concerns.

Finally, in the same decision comprising the R&R, Judge Micko resolved certain non-dispositive motions filed by Mr. Aery pursuant to 28 U.S.C. § 636(b)(1)(A). Specifically, Judge Micko denied Mr. Aery's motions to compel production of all menus for the past 10 years; to penalize defense counsel for improperly interpreting his discovery requests; to extend the discovery deadline by 60 days; to sanction Defendants Beitel and Allen for spoliation due to an alleged failure to preserve electronically stored data; and to appoint advisory counsel to represent Aery in this case. Judge Micko states

> The Court has reviewed each of Mr. Aery's pending motions and finds that none would change the Court's recommendation. The discover Mr. Aery requests has either been provided to him or does not affect the Court's analysis of his claims. Therefore, because the Court recommends that summary judgment be granted for all Defendants and this matter dismissed with prejudice, the Court orders that Mr. Aery's other pending motions be denied as moot.

R&R 23.

## B. Plaintiff's Objections

On August 15, 2024, Mr. Aery filed Objections to the Report and Recommendation and Order. ECF 153. Because Mr. Aery is representing himself in this litigation, the Court construes his objections to the R&R liberally. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).

5

### 1. Non-dispositive Rulings

First, Mr. Aery takes issue with Judge Micko's resolution of his motions to compel and for spoliation sanctions. He argues that Judge Micko should have ruled on them prior to issuing an R&R concerning the summary judgment motions and by combining the decisions, he was deprived of an opportunity to complete discovery. Further, he asserts that he does not have access to the discovery materials and that the information he sought in his motion to compel and for spoliation sanctions are necessary to oppose the Defendants' motions for summary judgment. He objects to the decision to deny him a referral to the Federal Bar Association's *Pro Se* Project for a consultation with a volunteer lawyer. And he argues that Judge Micko improperly docketed the R&R and Order under seal.[2]

Because these objections address Judge Micko's rulings on non-dispositive matters, the Court reviews them to determine whether they are clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1); D. Minn. Lr. 72.2(b)(3). This is an "extremely deferential" standard. *Shank v. Carleton Coll.*, 329 F.R.D. 610, 613 (D. Minn. 2019). "A ruling is clearly erroneous when the reviewing court is left with the definite and firm conviction that a mistake has been committed. A decision is contrary to law when a court fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (quoting *Smith v. Bradley Pizza, Inc.*, 314 F.Supp.3d 1017, 1026 (D. Minn. 2018)). Having conducted this deferential review, the Court finds nothing clearly erroneous or contrary to law in Judge Micko's

---

[2] Judge Micko has since lifted the sealing of the R&R and Order. ECF 154.

handling of the non-dispositive issues referred to in the R&R. These objections are, therefore, overruled.

## 2. Dispositive Ruling

In addition to his disagreements with Judge Micko's resolution of the non-dispositive motions, Mr. Aery raises several objections directed at the proposed disposition of Defendants' summary judgment motions. The Court has considered all his objections and construed them to the best of the Court's ability. The Court has also reviewed the entire summary judgment record. The Court concludes that none of Mr. Aery's objections carry the day.

### *Scope of Claims*

Mr. Aery objects that the background section of the R&R focuses on too short of a period during 2022, when his claims concern years of Defendants providing improper nutrition. Mr. Aery asserts that Judge Micko should not have focused on such a narrow window because Aery spent a significant period in and out of Beltrami County Jail from 2004 through the present. Therefore, he contends that Judge Micko's evaluation of his claims was flawed.

The Court rejects this argument. Nothing in Mr. Aery's Amended Complaint plainly identifies that he conceived of the scope of his claim against Summit as encompassing the entire time, over a period of eighteen to twenty years, during which he was in and out of Beltrami County custody. When Mr. Aery first filed this case, his original complaint contained a litany of claims and defendants that were not alleged with sufficient factual specificity. ECF 1. United States Magistrate Judge Leung identified the deficiencies with

his initial pleading and required him to file an amended complaint addressing its problems. ECF 4. Mr. Aery filed his amended complaint on April 6, 2022. In it, Mr. Aery specifically discusses instances of being provided improper nutrition in February 2022. ECF 5 at 4–5, 6. The "Additional Facts" portion of his amended pleading only once hints at a broader timeline concerning insufficient nutrition and does so with little specificity. Plaintiff states that Calandra Allen told him that Summit had been Beltrami County Jail's food-service provider for thirty years, and he asserted "[i]f that is correct then Summit Corrections has deviated from Administrative Rules (MN) 2911.3900 amounts by serving less than listed menu portions over the past 7 years. . . ." *Id.* at 8. However, this allegation did not lead the Court to construe his claim as encompassing a years-long period of constitutionally inadequate nutrition. Throughout the litigation, this Court has consistently construed the amended complaint to focus on a narrower period. *See* R&R (Jan. 13, 2023), ECF 42 at 4 ("Plaintiff alleges that he was served inadequate quantities of food at the Beltrami County Jail at least between February and March 2022."); Order (Mar. 29, 2023), ECF 46 at 3 (same). Mr. Aery did not object to the January 13, 2023 R&R construing his claim as such, and after the undersigned adopted that R&R on March 29, 2023 and characterized his claim

8

in the same way, Mr. Aery never sought leave to amend to state broader claims.[3] He cannot now broaden the scope of his properly alleged inadequate-nutrition claim.

Moreover, even if his pleading could be reasonably construed to state a temporally broader claim, this does not change the outcome. For one thing, it is apparent from the R&R that Judge Micko took into account Mr. Aery's assertions that he had been getting inadequate portions and calories for several years. ECF 141 at 8 ("Aery claims that 'over the years the menu has taken away margarine and eggs from breakfast with no replacement . . . no dairy products are served, no pizza, no ice cream/sherbet, no fish, and always processed meat.'") (quoting ECF 5 at 9, 10); *id.* at 16–17 (noting plaintiff's assertion regarding years of failure to provide margarine and quoting ECF 5 at 5–6). But more importantly, Mr. Aery does not point to evidence that would undermine Judge Micko's conclusions about the lack of support in the record for his inadequate nutrition claims.

Relatedly, Mr. Aery objects to Judge Micko's conclusion that the Eighth Amendment does not apply to his claims because he was a pretrial detainee. He asserts that "during some previous incarcerations I was technically sentenced therefore the Eighth Amendment is applicable." Like the objection concerning the temporal scope of his claims, this objection depends on a construction of his amended complaint that Mr. Aery has failed

---

[3] Just after Mr. Aery filed his amended complaint, he submitted a supplemental statement of his claim that arguably sought to allege a broader temporal scope against specific John and Jane Doe Summit employees. ECF 6. However, Magistrate Judge Leung explained to Aery that he had neither asked for nor received leave to supplement his pleadings, that his submission violated the Local Rules of this District requiring pleadings to be complete in themselves, and that Aery could not simply add claims to his pleading as they occur to him. ECF 8. Judge further advised Aery that any amendment would require him to file a motion to amend his complaint. *Id.* Mr. Aery did not seek leave to do so.

9

to show was unreasonable. Mr. Aery does not allege any specific timelines for when he was a pretrial detainee and when he was in Beltrami County Jail serving a criminal sentence. R&R (Jan. 13, 2023), ECF 42 at 12 n.6 ("It is not clear from the Amended Complaint whether Plaintiff was a pretrial detainee or a convicted inmate."). And publicly available court records show that he was in custody from August 21, 2021 through September 26, 2022 as a pretrial detainee. R&R, ECF 141 at 5 n.2; Allen Decl. ¶ 4, ECF 116. In any event, even if the Eighth Amendment applied to some portion of his inadequate-nutrition claim, Mr. Aery has failed to show that the outcome here would be any different. As Magistrate Judge Leung pointed out in the January 13, 2023 R&R in this case, the Eighth Amendment does not provide prisoners greater protection than the Fourteenth Amendment provides to pretrial detainees. *Id.* ("[B]ecause the Due Process Clause of the Fourteenth Amendment affords pretrial detainees at least as much protection as the Eighth Amendment provides to convicted prisoners, if the allegations in this case would have violated the Eighth Amendment if Plaintiff had been a prisoner, that conduct would necessarily violate the Fourteenth Amendment if Plaintiff was a pretrial detainee."). This objection is, therefore, overruled.

### *Alleged Factual Dispute*

Next, Mr. Aery points to the discussion in the R&R concerning Summit's concession that it served some amount less than one ounce of margarine for a short period and Judge Micko's conclusion that Summit had otherwise produced evidence showing that this omission was a mistake. Mr. Aery argues that this is "poor reasoning," and that the existence of this mistake alone creates a fact dispute concerning the alleged violation of his

10

rights. According to Mr. Aery, this necessarily means that the record shows he was deprived of sufficient nutrition, that Summit maintained an arbitrary and capricious policy regarding the caloric adequacy of its meals, and that Summit's intent to punish him can be inferred from the fact that it is a for-profit company.

These objections are overruled. The fact that Summit is a for-profit business does not create a genuine issue for trial and the evidence does not support Mr. Aery's claims. Beyond his conclusory assertions, Mr. Aery has identified no evidence suggesting that Summit disregarded concerns over nutrition or food quality for the purpose of increasing its profits. In the R&R, Judge Micko explained that Mr. Aery "presented no evidence to support his claim that Defendant acted with the express intent to punish him, or that it maintained a policy or custom that was arbitrary or excessive to the point of punishment." R&R 9–10. That is borne out by the record. Summit provided evidence showing that its 2022 menus were reviewed by a certified dietician with the State of Minnesota Board of Dietetics and Nutrition Practice. The dietician found that the menus satisfied several guidelines, including Minnesota Department of Corrections Administrative Rule 2911.300. *Id.* at 9; McDonald Decl., Ex. A, ECF 107 at 1–2. When Summit learned that its meals included less than one ounce of margarine, it did not disregard that information, but worked to create a new menu that was again approved by the Summit dietician and its meals began including the amount of margarine called for by the menu. R&R at 9; ECF 107-2, Cizek. Aff. ¶ 3 ("In 2022, in response to a grievance at Beltrami County Jail regarding the amount of margarine provided, Summit worked with its Dietary Services division to create a new menu for Beltrami County Jail. The 2022 menu omitted margarine for breakfast and

11

modified the amount elsewhere on the menu. This menu was approved by a Summit dietitian, and inmates at Beltrami County Jail started receiving 1 oz. of whipped margarine when provided for on the menu.").

Moreover, the evidence in the record shows that the County Defendants, Allen and Beitel, responded reasonably to Mr. Aery's concerns about the food he received and did not deliberately disregard his assertion that a lack of adequate nutrition was causing him health problems. Beitel discussed the matter with Allen, handled the day-to-day operations of the jail, and their detailed conversations regarding approval of the menu by a Summit dietitian led Beitel to be satisfied that Mr. Aery's concerns were being taken seriously. Beitel Decl., ECF 115. Allen spoke with Plaintiff on several occasions, then followed up on his concerns with Summit to ensure that serving sizes were appropriate and the food being served was nutritionally adequate. Summit's staff reassured Allen that its meals met quality and nutrition standards. Allen also requested that Mr. Aery be weighed on a weekly basis to ensure he was not experiencing significant weight loss or gain. Allen Decl., ECF 116.[4]

This is not a case where there is "ample evidence from which a jury—crediting [Mr. Aery's] evidence—could find that he proved a constitutional violation." *Ingrassia v. Schafer*, 825 F.3d 891, 898 (8th Cir. 2016) (finding summary judgment was improper where the plaintiff presented evidence of a loss of "11 pounds in less than two months,"

---

[4] To the extent Mr. Aery claims that Defendants ignored his requests to be served a religious diet, the undisputed evidence shows that not to be the case. R&R at 12; McDonald Decl., Exs. E–F, ECF 107-4, 107-5.

12

that "his bag lunches lacked items as punishment for behavioral violations" and other foods were improperly withheld under a "no liquids" order, and where "at times he received only 1200 calories per day instead of the recommended 2000"). Mr. Aery points to no evidence in the record that would allow a jury to find in his favor, nor does he indicate any basis for determining that Judge Micko's findings were erroneous or that his legal conclusions were flawed.

### *Fourth Amendment Claim*

Mr. Aery objects to Judge Micko's conclusion that he has stated no Fourth Amendment claim. Aery argues that the failure to provide him appropriate meals forced him to consume nutritionally inadequate food or suffer even greater hunger if he refused. He contends that these circumstances constituted a form of excessive force.

This objection is overruled. Mr. Aery cites no authority for the proposition that the conduct complained of could constitute a seizure under the Fourth Amendment. The Court has identified none in its own research. And Mr. Aery points to no evidence from which a reasonable jury could conclude that any seizure occurred, which is a threshold consideration for any claim of excessive force. *See, e.g.*, *Pollreis v. Marzolf*, 66 F.4th 726, 730 (8th Cir. 2023) (explaining that excessive force claims include the threshold question of whether a seizure occurred).

### *Remaining Objections*

Several of Mr. Aery's objections relate to claims that have already been dismissed, including his official-capacity claim against Beltrami County alleging that there was an unconstitutional policy or custom of serving Nutriloaf to detainees as a form of

punishment. Similarly, some of his objections concerning his previously dismissed claim that Defendant Allen refused to waive Mr. Aery's payments of costs pursuant to Minn. Stat. § 641.12 due to his accumulation of debt. Because these objections concern claims that have already been dismissed, they are overruled.

Further, Mr. Aery states that he has alleged viable state law claims. However, he does not specifically object to the recommendation that the Court decline to exercise supplemental jurisdiction over those claims in the event all federal claims are dismissed. The Court agrees that under 28 U.S.C. § 1367(c), because all of the federal claims in this case are subject to dismissal on summary judgment prior to trial, the Court should decline to exercise supplemental jurisdiction over any alleged violations of state law. Accordingly, the Court finds no reason to depart from that aspect of the R&R.

Finally, Mr. Aery asks the Court to consider everything in his case, including the nineteen pages in his objections to be the equivalent of an affidavit that could be considered evidence sufficient to withstand a motion for summary judgment. The Court has conducted the required de novo review and given a liberal construction to Mr. Aery's objections and his other submissions concerning Defendants' motions for summary judgment. As discussed in the R&R and in this Order, Mr. Aery failed to present evidence in opposition to the motions for summary judgment sufficient to demonstrate a genuine issue of material fact. Even if the Court were inclined, in its discretion, to allow evidence to be introduced for the first time through objections to the R&R, *see USA Gymnastics v. Liberty Ins. Underwriters*, 27 F.4th 499, 515 (7th Cir. 2022) (discussing discretion of district courts to allow parties to make new arguments or introduce new evidence when reviewing a

magistrate judge's R&R), Mr. Aery's averments in response to the R&R here do not create any genuine issue of material fact that would lead the Court to deny Defendants' motions for summary judgment.

## ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED THAT**

1. The Report and Recommendation, ECF 141, is **ACCEPTED**.

2. Summit's motion for summary judgment, ECF 103, is **GRANTED**.

3. Defendants Ernie Beitel and Calandra Allen's motion for summary judgment, ECF 110, is **GRANTED**.

4. All of Mr. Aery's federal claims are **DISMISSED WITH PREJUDICE**.

5. The Court declines to exercise supplemental jurisdiction over any remaining state law claims pursuant to 28 U.S.C. § 1367(c), and those claims are **DISMISSED WITHOUT PREJUDICE**.

**Let Judgment be entered accordingly.**

Date: September 4, 2024

*s/Katherine Menendez*
Katherine Menendez
United States District Judge