UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James Paul Aery, | No. 22-cv-114 (KMM/DLM) |
| Plaintiff, | |
| v. | **ORDER** |
| Ernie Beitel, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff's Application to Proceed In Forma Pauperis on Appeal. On September 4, 2024, the Court adopted the Report and Recommendation of Magistrate Judge Douglas L. Micko and dismissed this case. ECF 163. Plaintiff seeks to appeal that dismissal and to do so without paying the $600 appellate filing fee.

Under 28 U.S.C. § 1915, this Court may authorize a party to proceed without prepayment of fees, costs, or security, on the affidavit of the party testifying that he is unable to pay such costs, describing the nature of the appeal and his belief that he is entitled to redress. According to this statute, which is part of the Prison Litigation Reform Act of 1995 ("PLRA"), prisoners who are granted IFP status are not excused from paying the court filing fee altogether, as is the case for non-prisoner IFP litigants. Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing

fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time.").

Based on a review of Plaintiff's submission, he has shown he is entitled to in forma pauperis status on appeal. Under Eighth Circuit law, by filing the notice of appeal, a prisoner is liable for the full $600 filing fee "regardless of the outcome of the appeal." *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). To pursue the appeal, a person subject to the PLRA must ordinarily first pay an initial partial appellate filing fee, 28 U.S.C. § 1915(b)(1), and he "consents to the deduction of the initial partial appellate filing fee and the remaining installments from [his] prison account by prison officials." *Henderson*, 129 F.3d at 484. The initial partial appellate filing fee is 20% of the greater of average monthly deposits or the average monthly balance in Plaintiff's trust account over the last six months. *See* 28 U.S.C. § 1915(b)(1)(A)–(B). An applicant for IFP status on appeal has 30 days from the date he filed his notice of appeal to provide a certified statement of his trust account for the last six months. *Henderson*, 129 F.3d at 484. "Failure to file the prison account information will result in the assessment of an initial appellate partial fee of $35 or such other amount that is reasonable, based on whatever information the court has about [Plaintiff's] finances." *Id.*

Plaintiff did not provide a certified trust account statement along with his appellate IFP application, and ordinarily, the Court would give Plaintiff additional time to submit such a statement. However, Plaintiff has shown that his current prison account balance is $0.00 and that over the past 12 months, he has had no source of income. Under these circumstances, the Court finds that it would be futile to have Plaintiff submit a certified

statement of his trust account to calculate an initial partial filing fee that Plaintiff will almost certainly be unable to pay. Accordingly, the Court determines that Plaintiff has no assets and no means with which to pay an initial partial appellate filing fee and, therefore, grants the IFP application without requiring Plaintiff to pay an initial partial fee. 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). This finding does not relieve Plaintiff of his obligation to pay the full $600 appellate filing fee and the funds to cover that fee shall be deducted from Plaintiff's prison account as they become available.

Accordingly, **IT IS HEREBY ORDERED that**

1. Plaintiff's Application to Proceed In Forma Pauperis on Appeal, ECF 166, is **GRANTED**.

2. Plaintiff must pay the unpaid balance ($600.00) of the statutory filing fee for his appeal in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to the authorities at the institution where Plaintiff is confined.

Date: September 20, 2024           *s/Katherine Menendez*
                                                                Katherine Menendez
                                                                United States District Judge